WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arron Eugene Mowry, | No.  CV 13-2053-PHX-RCB (SPL) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Sergeant Knight, et al., | |
| Defendants. | |

Plaintiff Arron Eugene Mowry, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will order Defendants Knight and Evans to answer Counts One and Two of the Complaint and will dismiss Counts Three, Four, Five, and Six without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).   The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

TERMPSREF

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.*

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

. . . .

**TERMPSREF**

### III. Complaint

In his Complaint, Plaintiff names three defendants: (1) Sergeant Knight, badge number 8783, (2) Lieutenant Evans, badge number 2345, and (3) "Health Services Medical Staff (Head Nurse)," a male nurse on duty on October 4, 2012 at ASPC-Florence, Central Unit. Plaintiff alleges seven counts of violations of his Eighth Amendment rights: (1) that Sergeant Knight used excessive force against Plaintiff; (2) that Defendant Lieutenant Evans failed to act to prevent Sergeant Knight's use of excessive force against Plaintiff; (3) that Sergeant Knight lied and falsified documentation; (4) that Lieutenant Evans lied and falsified documentation; (5) that Sergeant Knight manipulated disciplinary proceedings; (6) that Lieutenant Evans manipulated disciplinary proceedings; and (7) that the unnamed head nurse at the time refused to provide Plaintiff with constitutionally adequate medical care.

Plaintiff seeks compensatory and punitive damages, costs, and injunctive relief.

### IV. Claims for Which an Answer Will be Required

#### A. Count One

In Count One, Plaintiff alleges as follows: On October 4, 2012, Sergeant Knight was escorting Plaintiff to the shower when, unprovoked, Sergeant Knight kicked Plaintiff's feet out from under him. At the time of the incident, Plaintiff was handcuffed with his hands behind his back. As Plaintiff lay on the ground on his stomach, Sergeant Knight got on top of him, grabbed his right wrist and started bending and twisting it. When Plaintiff complained that he was being hurt and that he had an old wrist injury, Sergeant Knight threatened to break the wrist.

After the incident, Sergeant Knight wrote Plaintiff a "falsified ticket" for "Assault on Staff" to cover up and justify the use of physical force on Plaintiff. The "Assault on Staff ticket" was later dismissed. Plaintiff alleges that, as a result of the attack, he sustained injuries to his mid-back, lower back, right elbow, right shoulder, nerve damage to his legs and feet, has a scar on the right side of his back, exacerbated injuries to his right wrist, and psychological, mental, and emotional trauma.

The Eighth Amendment applies to excessive force claims of convicted inmates. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Officials acting under color of state law may not maliciously and sadistically use force for the purpose of causing harm. *Id.*; *Watts v. McKinney*, 394 F.3d 710, 711 (9th Cir. 2005). To state a claim for excessive force, an inmate must allege facts to support that an official used or caused to be used objectively unreasonable force against the inmate. *See Brosseau v. Haugen*, 543 U.S. 194, 197 (2004). However, not every use of physical force violates the Eighth Amendment. *See Hudson*, 503 U.S. at 7 (not . . . every malevolent touch by a prison guard gives rise to a federal cause of action.").

Construing Count One liberally, Plaintiff has sufficiently stated an Eighth Amendment claim for excessive force and Sergeant Knight will be required to respond to Count One.

### B. Count Two

In Count Two, Plaintiff alleges as follows: On October 4, 2012, Lieutenant Evans, Sergeant Knight's supervisor, was present and witnessed Sergeant Knight attacking Plaintiff. Lieutenant Evans did not intervene to stop the attack and ignored Plaintiff's screams of pain. After the incident, Lieutenant Evans gave a false incident report corroborating Sergeant Knight's false incident report.

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). In other words, "a prison official can violate a prisoner's Eighth Amendment rights by failing to intervene." *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (citation omitted). To state a claim for failure to intervene, Plaintiff must allege that Defendant Evans knew that Defendant Knight was using excessive force and that he had a reasonable opportunity to prevent the harm. *See Yang v. Hardin*, 37 F.3d 282, 285-86 (7th Cir. 1994).

Construing Count Two liberally, Plaintiff has sufficiently stated an Eighth Amendment claim for failure to intervene and Lieutenant Evans will be required to respond to Count Two.

### C.     Count Seven

In Count Seven, Plaintiff alleges that the head nurse at the time, a male, violated Plaintiff's Eighth Amendment rights as follows:  On October 4, 2012, after Defendant Knight used excessive force on Plaintiff, Plaintiff was taken to "medical" on a gurney with his hands cuffed behind his back.  The head nurse "started jerking [Plaintiff's] arm around to show off to the other officers that he is not going to treat [Plaintiff] with any respect either."  Plaintiff told the nurse that if he would not treat Plaintiff like a human being, he would have an outside doctor look at him.  The nurse responded, "fine, have an outside doctor look at you then" and made it seem like Plaintiff refused treatment.  Plaintiff then began screaming that he did not refuse treatment and he was being treated with "deliberate indifference."  Plaintiff was then taken back to his cell untreated.  Plaintiff was told to fill out an HNR.  Later that evening, a different nurse giving Plaintiff his medication said she thought Plaintiff's arm could be broken.  Plaintiff was not given medical attention "for days."  Plaintiff alleges that he suffered pain and emotional and mental trauma based on the male head nurse's failure to treat him.

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs."  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.  *Id.* at 1096 (quotations omitted).

"Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference.  *Id.* at 1096.  Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs.  *Id.* at 1096 (quoting *Estelle*, 429

U.S. at 104-05).

Construing Count Seven liberally, Plaintiff sufficiently stated an Eighth Amendment claim against the unnamed head nurse for deliberate indifference to medical needs. Because Plaintiff was unable to identify the head nurse that he alleged Count Seven against, Plaintiff named "Health Services Medical Staff (Head Nurse)" as a Defendant in this case. Generally, the use of anonymous appellations to identify defendants is not favored, and as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint upon an anonymous defendant.

However, the Court will not, sua sponte, dismiss the claim against the anonymous Defendant at this time. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of alleged defendants will not be known prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

If Plaintiff discovers the identity of this anonymous Defendant, Plaintiff should promptly file a motion to amend his Complaint. Plaintiff must file a motion for leave to amend to name the anonymous Defendant and submit a proposed second amended complaint. *See* Fed. R. Civ. P. 15(a)(2); LRCiv. 15.1. Further, Plaintiff should note that any claim included in his First Amended Complaint that is not re-alleged in a second amended complaint will be waived. After amendment, the Court will treat every prior complaint as nonexistent. *Ferdik*, 963 F.2d at 1262 (citation omitted). Any cause of action that was raised in a prior complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not re-pled in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

. . . .

. . . .

### V.     Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)).

#### A.     Counts Three and Four

In Counts Three and Four, Plaintiff alleges that Defendants Knight and Evans violated his Eighth Amendment rights by "lying and falsifying information." Plaintiff alleges that Defendants Knight and Evans fabricated a lie about why excessive force was used on Plaintiff and then put it in documentation. Plaintiff alleges that these lies led to him not receiving proper medical care because "everyone" believed that Plaintiff tried to assault the prison staff.

Plaintiff's allegations against Defendants Knight and Evans in Counts Three and Four are conclusory. Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* Plaintiff fails to allege how Defendants' alleged falsification of documents led to a constitutional violation. Although Plaintiff alleges that he was denied medical care because Defendants lied and falsified documents, Plaintiff fails to allege specific facts to support that either Knight or Evans were directly involved in any denial of Plaintiff's medical care. Moreover, Plaintiff fails to allege facts supporting a causal connection between the alleged falsification of documents and the denial of medical care. Accordingly, Plaintiff fails to state a claim in Counts Two and Three and those Counts will be dismissed.

. . . .

. . . .

TERMPSREF

### B.     Counts Five and Six

In Counts Five and Six, Plaintiff alleges that Defendants Knight and Evans violated his Eighth Amendment rights by manipulating the disciplinary process by giving Plaintiff a "fictitious ticket" stating that Plaintiff tried to assault Defendant Knight to cover-up Defendant Knight's use of excessive force on Plaintiff.  Plaintiff alleges that this fictitious ticket led to him not receiving proper medical care because "officers and medical staff" denied him proper medical attention because they thought that Plaintiff "assaulted one of their fellow officers."

As with Counts Three and Four, Plaintiff fails to allege specific facts to support that either Knight or Evans were directly involved in any denial of Plaintiff's medical care.  Moreover, Plaintiff fails to allege facts supporting a causal connection between the alleged "fictitious ticket" and the denial of medical care.  Accordingly, Plaintiff fails to state a claim in Counts Five and Six and those Counts will be dismissed.

## VI.    Warnings

### A.     Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

### B.     Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

### C.     Copies

Because Plaintiff is currently confined in ASPC-Eyman and this case is subject to General Order 13-11, Plaintiff is not required to serve Defendants with a copy of every document he files or to submit an additional copy of every filing for use by the Court, as

would ordinarily be required by Federal Rule of Civil Procedure 5 and Local Rule of Civil Procedure 5.4.  If Plaintiff is transferred to a prison other than ASPC-Eyman, he will be notified of the requirements for service and copies for the Court that are required for inmates whose cases are not subject to General Order 13-11.

### D.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)    Counts Three, Four, Five, and Six are **dismissed** without prejudice.

(4)    Defendants Knight and Evans must answer Counts One and Two.

(5)    The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendants Knight and Evans.

(6)    Plaintiff must complete[1] and return the service packets to the Clerk of Court within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)    If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.  Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

TERMPSREF

- 9 -

filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

>   (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

>   (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

      (11)    Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

      (12)    Any answer or response must state the specific Defendant by name on whose behalf it is filed.  The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

      (13)    This matter is referred to Magistrate Judge Steven P. Logan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 6th day of November, 2013.

_____
Robert C. Broomfield
Senior United States District Judge

TERMPSREF