WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arron Eugene Mowry,<br><br>              Plaintiff,<br><br>   v.<br><br>Sergeant Knight, et al.,<br><br>              Defendants. | No. CV 13-2053-PHX-SMM (MEA)<br><br>**O R D E R** |

The Court has reviewed Plaintiff's "Rule 59 Motion for a New Trial, Alt[e]r or Amend Judg[]ment, and or Reopen His Case," which Defendants oppose. (Docs. 62, 64.) The Motion will be denied.

On December 8, 2014, the Court dismissed this action for failure to exhaust administrative remedies. (Doc. 60.) Judgment was entered that same day. (Doc. 61.) Plaintiff filed his Motion on January 22, 2015, stating that after he received the Court's December 8 Order, he immediately went back and exhausted all administrative remedies.

Where a party submits a motion after entry of judgment, the only appropriate procedural devices are: (1) a motion to alter or amend judgment pursuant to Federal Rules of Civil Procedure 59(e); or (2) a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(b). *See, e.g.*, *United States v. Nutri-Cology, Inc.*, 982 F.2d 394, 397 (9th Cir. 1992); *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441-42 (9th Cir. 1991) (motion to reconsider can be construed as a Rule 60 or Rule 59 motion even when movant brings it under local rules and cites no governing Federal Rules of Civil

Procedure).

Rule 59(e) of the Federal Rules of Civil Procedure requires that a party serve a motion within 28 days after the entry of judgment. The district court does not have authority to extend this deadline. Fed. R. Civ. P. 6(b)(2) ("court must not extend the time to act under Rules . . . 59(b), (d), and (e)"); *see Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 585 (9th Cir. 1993) (the district court lacked authority to grant a motion for an extension of time to request alteration or amendment of the judgment). Because judgment was entered in this case on December 8, 2014, and Plaintiff did not file his Motion within 28 days, the Court cannot consider Plaintiff's Motion under Rule 59. The Court will therefore consider the Motion under Rule 60.

Under Rule 60(b), a movant may seek relief from a final judgment, order, or proceeding for the following reasons: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Clauses (1) through (5) provide specific reasons for granting relief, while clause (6) requires a showing that the grounds justifying relief are extraordinary; mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief. *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

This action was dismissed without prejudice for failure to exhaust administrative remedies. (Doc. 60.) In his Motion, Plaintiff indicates that he recently completed the prison's grievance procedure and, as a result, would like to reopen this action. (Doc. 62 at 1-3.)

The Court will not reopen this action. The remedy for a dismissal without prejudice for failure to exhaust is filing a new action after exhaustion, not reopening the initial action. Indeed, reopening this action would contravene the text of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which states that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."

1 Nor is there any support for such an application of Rule 60, which empowers the Court to reopen an action because of an error or deficiency in the judgment.  None of the factors identified in Rule 60 are present here, and Plaintiff appears to concede that he did not fully exhaust his administrative remedies before this action was filed, thus failing to comply with the Prison Litigation Reform Act's mandate.  *See, e.g., Vaden v. Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006) (holding that a "prisoner must have entirely exhausted administrative remedies" by the time he submits his complaint to the court); *McKinney v. Carey*, 311 F.3d 1198, 1120-21 (9th Cir. 2002).  Accordingly, Plaintiff's Motion must be denied.

**IT IS THEREFORE ORDERED** that Plaintiff's "Rule 59 Motion for a New Trial, Alt[e]r or Amend Judg[]ment, and or Reopen His Case" (Doc. 62) is **denied**.

DATED this 22nd day of June, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge